IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON ALLEN DUQUE, | No. 2:20-CV-2121-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| MILLIS, et al., | |
| Defendants. | |

  Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Pending before the Court is Plaintiff's complaint, ECF No. 1.

  The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

Plaintiff names as defendants Millis and Neves.  See ECF No. 1, pg. 1.  Plaintiff does not state who these individuals are, and his complaint contains no reference to either named defendant.  Plaintiff states his lawsuit concerns "personal injury attempted homicide," but does not further elaborate.  See id.

As a minimum, to state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations.  See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Here, Plaintiff has not alleged any facts to suggest a violation of Plaintiff's constitutional or statutory rights.  Nor has Plaintiff alleged any facts to show how either defendant acted to cause or contribute to a violation of Plaintiff's constitutional or statutory rights.  Plaintiff will be provided an opportunity to amend in order to allege how Defendants Millis and Neves participated in a violation of Plaintiff's rights.

/ / /

/ / /

/ / /

1         Because it is possible that the deficiencies identified in this order may be cured by
2 amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire
3 action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is
4 informed that, as a general rule, an amended complaint supersedes the original complaint.  See
5 Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to
6 amend, all claims alleged in the original complaint which are not alleged in the amended
7 complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if
8 Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make
9 Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be
10 complete in itself without reference to any prior pleading.  See id.

11         If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the
12 conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See
13 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how
14 each named defendant is involved, and must set forth some affirmative link or connection
15 between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d
16 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

17         Finally, Plaintiff is warned that failure to file an amended complaint within the
18 time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at
19 1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply
20 with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b).
21 See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend; and
2. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

Dated:  August 6, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE